Clinton L. Tapper, OSB 084883
R. Scott Taylor, OSB No. 74324
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEAN MILLER,<br><br>   Plaintiff(s),<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>   Defendant(s). | CASE NO.: 3:16-cv-2203<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br><br>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING<br><br>Claim over $75,000<br><br>JURY TRIAL REQUESTED |

COMES NOW the Plaintiff, represented by the undersigned attorney, and alleges as follows:

VENUE AND JURISDICTION

1. At all times material hereto, Jean Miller (Miller) has been a resident of Yamhill County Oregon.

2. At all times material hereto, American Family Mutual Insurance Company, (AmFam) is and has been a corporation domiciled in the county of Dane, State of Wisconsin.

3. The claim and controversy in this matter exceeds $75,000.00

COMPLAINT

Page 1 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

4. Defendant is authorized to conduct insurance business in the State of Oregon, and subject to the laws of Oregon.

5. The acts and/or omissions that form the basis of this complaint took place in the state of Oregon, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Portland Division.

FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

6. At all times material to this Complaint, Miller owned the dwelling and real property commonly known as 165 Pacific St. McMinnville, OR 97128. (the Property).

7. At all times material to this Complaint, Miller and the Property were insured by an AmFam homeowner policy specifically described as policy no.: 36-BK6827-01. (the Policy).

8. At all times material to this Complaint, all premiums due from Miller were paid, and the Policy was in full force and effect.

9. In consideration for payment of premiums by Miller, the Policy promised to provide coverage against losses caused by fire to: the dwelling, contents, additional living expenses due to loss, and other costs incurred due to loss.

10. On or about December 31, 2014, Miller suffered a fire at the Property.

11. The policy provides for Actual Cash Value payment, and Replacement cost payment for the above coverages.

12. Miller filed a claim in connection with the loss, AmFam assigned Claim Number 00-875-031416 (the Claim) to the loss.

13. Miller has performed or will perform all conditions required under the policy for payment of the Claim.

14. AmFam Accepted the Claim, and provided some coverage under the provisions of the policy.

15. As a result of the breaches of contract, breaches of the duties of good faith and fair dealing, and other actions outlined in this Complaint, Miller has been forced to hire an attorney to represent her in this matter. Miller is entitled to recover reasonable attorney fees incurred herein under ORS 742.061.

BREACH OF CONTRACT: FAILURE TO PAY ACTUAL CASH VALUE - CONTENTS

16. Miller herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

17. AmFam has paid approximately $87,000 toward Actual Cash Value (ACV) of the Contents.

18. The accurate ACV of the contents is approximately $136,000.

19. AmFam applied inappropriately high depreciation to Contents thereby wrongfully lowering the ACV of the contents and breaching the policy.

20. Defendant has failed to pay approximately $49,000 in ACV on the contents per the terms of the policy.

21. Failure to pay full ACV is a breach of the contract.

BREACH OF CONTRACT: FAILURE TO PAY ACTUAL CASH VALUE - STRUCTURE

22. Miller herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

23. AmFam has paid approximately $126,000 toward ACV of the Structure.

24. AmFam applied inappropriately high depreciation to Structure thereby wrongfully lowering the ACV of the Structure by an amount not to exceed $157,000.

25. Defendant has failed to pay appropriate ACV on the Structure per the terms of the policy.

26. Failure to pay full ACV is a breach of the contract.

BREACH OF CONTRACT – FAILURE TO PAY ADDITIONAL LIVING EXPENSES

27. Miller herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

28. The policy provides for payment of additional living expenses.

29. As a result of the Defendant's delays, plaintiff incurred additional living expense in the amount of $2824 per month for at least 12 months in the amount of approx. $33,000 and continuing until this matter is resolved.

30. Failure to pay these reasonably incurred additional living expenses is a breach of the contract, and a breach of the duty of good faith and fair dealing.

BREACH OF CONTRACT: REFUSAL TO PAY REPLACEMENT COST – STRUCTURE

31. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

32. Plaintiff has notified AmFam of its intent to replace the structure and has been actively and reasonably replacing the structure.

33. AmFam delayed or failed to accurately estimate the contents within the structure, thereby delaying or failing to give the accurate payment of actual cash value for the contents and delaying or frustrating Plaintiff's ability to begin construction of a replacement structure.

34. AmFam delayed or failed to accurately estimate the cost to rebuild the structure, thereby delaying or failing to give the accurate payment of actual cash value for the structure and delaying or frustrating Plaintiff's ability to begin construction of a replacement structure.

35. AmFam or its agents have not provided a reasonable amount of time for Plaintiff to replace the structure.

36. Under Oregon law, an insured is entitled to a reasonable time to replace their structure under and insurance policy.

37. AmFam has refused to pay Plaintiff's replacement cost for the structure.

38. AmFam's refusal to pay replacement has wrongfully denied Plaintiff coverages and payments under the policy by an amount not to exceed $157,000.

39. Refusal to pay for replacement is a breach of the contract and in violation of Oregon law.

<u>BREACH OF CONTRACT: REFUSAL TO PAY REPLACEMENT COST – CONTENTS</u>

40. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

41. Plaintiff has notified AmFam of its intent to replace the contents and has been actively and reasonably replacing the contents.

42. AmFam delayed or failed to accurately estimate the contents within the structure, thereby delaying or failing to give the accurate payment of actual cash value for the contents and delaying or frustrating Plaintiff's ability to replace contents.

43. AmFam or its agents have not provided a reasonable amount of time for Plaintiff to replace the contents.

44. Under Oregon law, an insured is entitled to a reasonable time to replace their contents under and insurance policy.

45. AmFam has refused to pay Plaintiff's replacement cost for the contents.

46. AmFam's refusal to pay replacement has wrongfully denied Plaintiff coverages and payments under the policy in an amount not to exceed $49,000.

47. Refusal to pay for replacement is a breach of the contract and in violation of Oregon law.

## BREACH OF CONTRACT: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

49. Defendant Failed to acknowledge and act promptly upon communications relating to claims.

50. Defendant Refused to pay claims without conducting a reasonable investigation based on all available information.

51. Defendant Failed to adopt and implement reasonable standards for the prompt investigation of claims.

52. Defendant delayed and/or refused to develop accurate and full scopes of the contents and structure loss in a timely manner.

53. Defendant refused to communicate clearly and in a manner that would allow plaintiff to actually replace the contents and structure from the loss and caused plaintiff to incur additional living expense.

COMPLAINT

Page 6 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

54. Defendant's delay, refusal and obfuscation prevented Plaintiff from replacing the structure and contents in a within one year of the loss and caused plaintiff to incur additional living expense.

55. Defendant had a duty to be clear, prompt and accurate in its communications and adjustment of the loss.

56. Defendant had a duty to act in good faith under the contract in the above enumerated ways, and not to frustrate the purpose of the contract.

57. Defendant's failures to preform it's duties under the contract prevented plaintiff from realizing the benefit of the bargain from the contract.

58. As a result of these breaches in the duty of good faith and fair dealing, AmFam has wrongfully denied Plaintiff coverages and payments on; the dwelling, contents, additional living expenses due to loss, and other costs incurred due to loss.

59. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Miller has been forced to hire an attorney to represent them in this matter. Miller is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

///

///

///

///

///

///

///

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment as set forth above, for economic damages in an amount to be determined at trial, but estimated to be $229,000, plus ongoing additional living expenses to be calculated by the time of trial, for prejudgment interest, reasonable attorney fees pursuant to ORS 742.061, costs and any other relief the Court deems just and appropriate.

DATED: 11/22/2016

/s/ Clinton L. Tapper
_____
Clinton L. Tapper, Attorney for Plaintiff
400 E 2nd Ave, Suite 103
Eugene, OR 97401,  OSB #084883
Ph: 541-485-1511 / fax: 541.246-2424

COMPLAINT

Page 8 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866